WILLIAM H. FRENCH and JOHN McRAE v. THE CITY OF WILMINGTON.

After an order of the Superior Court, dissolving the injunction granted to [plaintiffs, upon their giving a bond in a specified sum, from which order the plaintiffs appeal, the Judge of the Superior Court has no power, on the application of the defendant, to order the plaintiffs to increase the penalty of the original bond, or to add thereto another bond.

This was a MOTION by the defendant for the plaintiff to increase his injunction bond, heard before HENRY, J., at the

December (Special) Term, 1875, of NEW HANOVER Superior Court.

All the facts of the case are fully stated in the opinion of Justice RODMAN.

His Honor ordered the plaintiffs to increase their injunction bond by addtng to it $10,000, from which order the plaintiffs appealed.

*M. London* and *A. T. & J. London,* for appellant.
*Russell, Wright & Stedman,* contra.

RODMAN, J.   In the case between the present parties, reported at this term, the complaint was exhibited and application for an injunction made to SEYMOUR, J., at Chambers, on the 24th of September, 1875.   He ordered that, on the plaintiffs entering into a bond in the penalty of $5,000, an injunction should issue, returnable before the Judge of the Fourth District, at the next regular term of the Superior Court for New Hanover County.   Bond was given, and the injunction issued accordingly.

Presumably at that term, for no date is given, McKOY, J., dissolved the injunction, from which order the plaintiffs appealed to this court.   The term occurred in October. Afterwards, viz., on the 19th of October, 1875, the defendant applied to McKOY, J., for an order requiring plaintiffs to give a further bond in a penalty of $10,000, conditioned to save the city from damage by reason of the injunction.   The motion, by consent, was heard a few days afterwards before HENRY, J., holding the court in New Hanover, and he ordered accordingly.   From this last order the plaintiffs appealed to this court.   The only question is, as to the power of Judge HENRY to make the order appealed from.

We are of opinion that he had no such power.   By the appeal from the order of the Judge of the Superior Court of New Hanover, at term, the case was taken from that court

into the Supreme Court. Had Judge McKoy continued the injunction at Fall Term, 1875, he might undoubtedly have done so on condition that plaintiffs should give another bond. But when he dissolved the injunction it was not in his power to require an additional bond as a condition precedent (which an injunction bond is) to an injunction which had already issued and been dissolved. It has been commonly supposed that section 299 of the Code gives to either party the absolute right to appeal from an interlocutory order granting, refusing or dissolving an injunction. This Court has never been required, so far as I recollect, to decide whether that is a proper construction of that section or not, or to decide what is the effect of an appeal from such order. We are not inclined to decide either of these questions, especially as they were not made or argued in this case. As the case is before us, it is only a question of the costs of the order appealed from, and, as we think that was erroneous, the motion is dismissed, and the plaintiffs will recover their costs on this appeal, in this Court.

PER CURIAM. Judgment accordingly.